UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>JOHN DOE Subscriber<br>Assigned IP Address<br>73.123.1473,<br><br>      Defendant. | No. 25-cv-11559-NMG |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

CABELL, Ch.U.S.M.J.

Plaintiff Strike 3 Holdings, LLC ("Strike 3"), a producer of adult films, alleges that a John Doe defendant ("John Doe") engaged in copyright infringement by downloading and distributing constituent elements of 68 Strike 3 copyrighted films using BitTorrent, a file distribution network. At present, Strike 3 only knows John Doe by an internet protocol ("IP") address. Realistically, "[i]nternet service providers are the only entities that can link an IP address to its subscriber." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1206 (D.C. Cir. 2020). In order to identify John Doe's name and address to effectuate service of process, Strike 3 requests leave to serve a third-party subpoena

on John Doe's internet service provider ("ISP"), Comcast Cable, prior to a Fed. R. Civ. P. 26(f) conference. (D. 7). Strike 3 maintains the requested discovery seeking John Doe's name and address is appropriate under Fed. R. Civ. P. 26(d)(1) ("Rule 26(d)(1)"). For the reasons stated below, Strike 3 is correct, and the motion for leave is allowed.

## I. BACKGROUND

As described in sworn declarations, BitTorrent is an online peer-to-peer sharing network. (D. 8-1) (D. 8-2). BitTorrent software can break a large file, such as a movie, into pieces, which facilitates interconnected sharing among BitTorrent users targeting the same file. (D. 8-1) (D. 8-2). Such users form a "swarm." (D. 8-2, ¶ 55). To download content through BitTorrent, a user will first download the software and obtain "a '.torrent' file for the specific file that has been broken into pieces." (D. 8-1, ¶ 21). The BitTorrent software functions by identifying other pieces of the targeted, desired file across the BitTorrent network using a unique identifier in the metadata of that file referred to as "'Info Hash.'" (D. 8-1, ¶ 22). The software thereby receives pieces of the desired file from other BitTorrent peers in the same swarm for that file, which the software reassembles and downloads to the user's computer thereby creating a playable movie file. (D. 8-1, ¶¶ 21-23) (D. 8-2, ¶ 45) (D. 1, ¶ 17).

Strike 3 owns and uses an infringement detection system composed of VXN Scan and the Cross Reference Tool to identify IP addresses used by individuals purportedly infringing Strike 3's movies. (D. 1, ¶ 27) (D. 8-2, ¶ 41). Significantly, the VXN Scan and/or the Cross Reference Tool software ("VXN/CRT") can: search and locate an IP address used by individuals purportedly to infringe Strike's movies ("targeted file"); download pieces of the targeted file with the IP address offered by the targeted user's peers in the BitTorrent swarm; assemble a complete copy of the targeted computer file; and capture the associated network transactions by date, time, and IP address.[1] (D. 1, ¶ 28) (D. 8-2). In short, using VXN/CRT, Strike 3 can record and download transactions by date, time, and IP address of BitTorrent peers in a swarm offering pieces of a copyrighted motion picture to VXN/CRT.

For each work allegedly infringed, exhibit A to the complaint identifies John Doe's IP address and lists 68 copyrighted motion pictures by registration number. (D. 1, ¶ 45) (D. 1-1). An individual working for Strike 3 viewed and compared each digital media file to Strike 3's copyrighted motion pictures listed by registration number in exhibit A. (D. 8-3, ¶¶ 7-10). Of note, she concluded that each file is identical or substantially similar to a copyrighted Strike 3 motion picture listed in exhibit A. (D.

---

[1] VXN/CRT thereby emulates BitTorrent software, although it is incapable of uploading data to peers in a swarm and distributing files. (D. 8-2).

8-3, ¶¶ 7-11). Concomitantly, the complaint states that VXN/CRT established direct connections with John Doe's IP address and captured transactions from John Doe sharing pieces of Strike 3's 68 copyrighted movies. (D. 1, ¶¶ 33-35). Further, the digital media files have been determined to be identical or substantially similar to copyrighted work(s) that Strike 3 owns. (D. 1, ¶¶ 29-30). More broadly, the complaint alleges that John Doe infringed constituent elements of 68 motion pictures by downloading Strike 3's motion pictures as well as distributing them to others. (D. 1, ¶¶ 4, 53).

Strike 3 uses a third-party database which compiles information it receives from ISPs. (D. 8-2, ¶¶ 77-78). By connecting to this database, VXN/CRT determines the ISP assigned to an IP address and traces the IP address to a city and state. (D. 8-2, ¶¶ 77-79). As noted, Comcast Cable is John Doe's ISP. (D. 8-1, ¶ 28). Only Comcast Cable can correlate John Doe's IP address to John Doe, its subscriber, and identify John Doe as the person assigned to the IP address. (D. 8-1, ¶ 28).

## II.  **DISCUSSION**

Rule 26(d) allows a party to seek discovery before a Rule 26(f) conference "by court order." Fed. R. Civ. P. 26(d)(1). The First Circuit has yet to decide the applicable standard to engage in Rule 26(d) discovery prior to a Rule 26(f) conference to uncover the identity of an unknown John Doe defendant. *See Breaking Glass*

4

*Pictures v. Swarm Sharing Hash File SHA1: 973F491D02C1E0220DBC534D8F8EDC15FC53FAEF*, Civil Action No. 13-10735-PBS, 2013 WL 2407226, at *1 (D. Mass. May 1, 2013). Courts in this district and elsewhere often require a showing of "good cause" to order Rule 26(d) discovery. *See*, *e.g.*, *Strike 3 Holdings, LLC v. Doe*, Civil Action No. 21-3702-KSM, 2021 WL 3784262, at *1 (E.D. Pa. Aug. 26, 2021); *Viken Detection Corp. v. Doe*, No. 19-cv-12034-NMG, 2019 WL 5268725, at *1 (D. Mass. Oct. 17, 2019). The requisite analysis evaluates the following factors used in *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004):

> (1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy.

*Id.* at 564-65 (citations omitted); *see*, *e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 3:22-cv-301-VLB, 2022 WL 1050341, at *2 (D. Conn. Mar. 10, 2022); *Strike 3 Holdings*, 2021 WL 3784262, at *1; *Viken Detection*, 2019 WL 5268725, at *1; *UN4 Prods., Inc. v. Doe-173.68.177.95*, No. 17-CV-3278(PKC), 2017 WL 2589328, at *1 (E.D.N.Y. June 14, 2017); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 164 (D. Mass. 2008). Other courts adhere to the relevance and proportionality standard in Fed. R. Civ. P. 26(b)(1). *See*, *e.g.*, *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C.

5

Cir. 2020). Strike 3 identifies both standards and maintains discovery is warranted under both standards. (D. 8, p. 5, n.2). While this court strongly favors and endorses the good cause standard using the *Sony Music* factors, it is not necessary to decide which standard applies because under either standard the discovery is undeniably appropriate.

Addressing the *Sony Music* factors in numerical order, the first factor requires showing "a prima facie claim of actionable harm." *Sony Music*, 326 F. Supp. 2d at 564-65. The only claim in the complaint is copyright infringement. (D. 1). "To establish copyright infringement, the plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Perea v. Editorial Cultural, Inc.*, 13 F.4th 43, 52 (1st Cir. 2021) (internal quotation marks and citation omitted); *accord Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Strike 3 owns the copyrights to the motion pictures distributed through a number of adult brands. (D. 8-2, ¶ 14). Exhibit A identifies 68 motion pictures by the copyright registration number and the associated brand and 68 transactions involving John Doe's IP address. (D. 1-1) (D. 1, ¶¶ 45-46). As explained in the factual background and set out in the complaint, the BitTorrent user associated with John Doe's IP address downloaded and distributed copyrighted material across the BitTorrent network. Strike 3's VXN/CRT not only

identified the IP address but also the time and date of 68 transactions sharing pieces of 68 digital media files. (D. 1, ¶¶ 28, 35, 44-46) (D. 8-2, ¶¶ 60, 62). The Strike 3 employee compared each digital media file with the 68 copyrighted motion pictures in exhibit A. She determined that each digital media file was identical or substantially similar to a copyrighted Strike 3 motion picture identified in exhibit A. (D. 8-3, ¶¶ 7-11). The complaint together with the declarations therefore set out a prima facie claim of copyright infringement of Strike 3's copyrighted motion pictures. In addition, one of the declarants details the harm experienced by Strike 3. (D. 8-2, ¶¶ 14, 29-30). Accordingly, this factor weighs heavily in favor of allowing the discovery.

Anent the second factor, Strike 3 limits the subpoena to John Doe's name and address. (D. 8) (The "subpoena will only demand the true name and address of [John Doe]."). Case law deems this limited discovery sufficiently specific. *See Strike 3 Holdings, LLC v. Doe*, 18 CV 5586(LAK), 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018) (Strike 3 seeks only the name and address of the subscriber associated with the defendant's IP address, which is a limited and highly specific set of facts.); *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 24.90.139.137*, 15-CV-7788(KMW), 2016 WL 1651869, at *2 (S.D.N.Y. Apr. 26, 2016) (characterizing discovery request for name and address of subscriber associated with IP address as "highly specific" and

7

"reasonably likely to 'lead to identifying information that would make possible service upon'" defendant); *see also Breaking Glass*, 2013 WL 2407226, at *4.

Like the first and second factors, the third factor weighs decidedly in Strike 3's favor. In fact, the only realistic means for Strike 3 to learn John Doe's identity is to subpoena Comcast Cable, the ISP, for the IP address. *See Strike 3 Holdings*, 964 F.3d at 1206; *Viken Detection*, 2019 WL 5268725, at *1 ("only way the plaintiffs can realistically proceed in this lawsuit against the John Doe defendant(s) is . . . by subpoenaing" ISP "connected to the IP addresses"); *London-Sire*, 542 F. Supp. 2d at 179 (noting, in context of third factor, that only "ISP has any record of which IP addresses were assigned to which users").

A similar reason underlies the fourth factor. Simply stated, Strike 3 needs the information to advance this litigation. "Without names and addresses, the plaintiffs cannot serve process, and the litigation can never progress." *London-Sire*, 542 F. Supp. 2d at 179.

Finally, the last factor is largely neutral. Even if it weighs somewhat in John Doe's favor, the other four factors outweigh John Doe's expectation of privacy. First, courts "recognize[] that 'ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material.'" *UN4 Productions,* 2017 WL 2589328, at *3 (collecting cases; citations omitted).

Second, allowing the early discovery subject to procedural limitations in a notice to the subscriber, similar to the one used in *Breaking Glass*, 2013 WL 2407226, at *4-5, and *Viken Detection*, 2019 WL 5268725, at *2, will sufficiently protect John Doe's privacy.

Consistent with the practice of other courts, Comcast Cable shall therefore include a notice in the subpoena it serves on the subscriber informing the subscriber that he or she has "a 30-day period in which [the subscriber] may move to quash the subpoena." *Viken Detection*, 2019 WL 5268725, at *2 (collecting cases) (citations omitted); *accord Strike 3 Holdings, LLC v. Doe*, Civil Action No. 25-10544-NMG, 2025 WL 848693, at *2 (D. Mass. Mar. 18, 2025). Comcast Cable is also instructed to include a copy of this Memorandum and Order with the subpoena. *See Strike 3 Holdings*, 2025 WL 848693, at *2. In sum, the factors in *Sony Music* weigh strongly in favor of allowing Strike 3 to serve the subpoena alongside the notice.

Alternatively, examining the relevance and proportionality standard in Rule 26(b)(1), the rule limits discovery to matters that are relevant to a "party's claim . . . and proportional to the needs of the case, considering" various factors listed in the rule. Fed. R. Civ. P. 26(b)(1). A third-party subpoena is subject to the relevance and proportionality requirements of Rule 26(b)(1). *See Holloman v. Clarke*, 320 F.R.D. 102, 103 (D. Mass.

9

2017). Strike 3 lacks "access to relevant information," Fed. R. Civ. P. 26(b)(1), consisting of the name and address of the individual linked to the IP address. Moreover, the information is critical to "resolving the issues," Fed. R. Civ. P. 26(b)(1), because the case cannot proceed without it. The early discovery is therefore relevant to the copyright infringement claim and proportional to the needs of this case.

Thus, the Rule 26(b)(1) standard yields the same result as the good cause standard employing the *Sony Music* factors, namely, allowing Strike 3 to serve the subpoena on Comcast Cable seeking the subscriber's name and address together with the notice. At this juncture, there is no indication that the subpoena, which will seek limited information of a subscriber's name and address, imposes an undue burden on Comcast Cable under Fed. R. Civ. P. 45(d)(3). *See generally Baker v. Hopkins*, Case No. 2:21-cv-00361-MJP, 2022 WL 305395, at *2 (W.D. Wash. Feb. 2, 2022) (recognizing court's authority to act sua sponte to avoid imposing undue burden on third-party subject to subpoena under Fed. R. Civ. P. 45(d)(1)); *accord Gibbons v. GC Serv. Ltd. P'ship*, Case No. 5:13-CV-00084-BO, 2013 WL 12430071, at *2 (E.D.N.C. Nov. 15, 2013).

### III. CONCLUSION

In accordance with the foregoing discussion, the motion for leave to serve a third-party subpoena on Comcast Cable seeking the name and address of the subscriber linked to the IP address at

issue prior to a Rule 26(f) conference (D. 7) is **ALLOWED**. Strike 3 may serve the subpoena on Comcast Cable requiring it to disclose the name and address of the subscriber associated with IP address 73.123.1473. The subpoena shall include a copy of this Memorandum and Order. Comcast Cable shall have twenty-one days "from the date the subpoena is served upon it to serve . . . the . . . subscriber with a copy of the subpoena" along with a copy of this Memorandum and Order. *Strike 3 Holdings,* 2025 WL 848693, at *2. <u>The subpoena served on the subscriber shall provide the subscriber 30 days to file any motion contesting the subpoena, such as a motion to quash the subpoena, should the subscriber so choose</u>. If the subscriber does not file such a motion within this 30-day period, Comcast Cable "shall produce to Strike 3 all information necessary to comply with the subpoena within" fourteen days thereafter. *Id.*

/s/ Donald L. Cabell
DONALD L. CABELL, Ch.U.S.M.J.

DATED: July 8, 2025

11